UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>MARIE ELIZABETH CASAS,<br><br>                              Defendant. | Crim. Case No.: 10cr3045-1<br>Civil Case No: 16cv1339<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY, DENYING DEFENDANT'S § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY** |

On June 2, 2016, Defendant Marie Elizabeth Casas filed a motion to vacate, set aside, or reduce her sentences pursuant to 28 U.S.C. § 2255. (ECF No. 54.)[1] In the Government's opposition to Defendant's motion, the Government also filed a motion to stay the proceedings. (ECF No. 57.) The Court heard oral argument on Defendant's motion on August 26, 2016. For the reasons discussed below, the Government's motion to stay is **DENIED** and Defendant's motion to vacate pursuant to § 2255 is **DENIED**.

//

---

[1] All docket numbers refer to 10cr3045, the underlying criminal case. The Defendant, upon filing her motion to vacate, was assigned a corresponding civil case number. For the purposes of this Order, the Court only references the docket from the underlying criminal case.

1

## I. BACKGROUND

Pursuant to a plea agreement, Defendant plead guilty to one count of Hobbs Act robbery, pursuant to 18 U.S.C. § 1951(a); one count of brandishing a firearm in furtherance of a crime of violence, pursuant to 18 U.S.C. § 924(c); and one count of attempted Hobbs Act robbery. (ECF No. 28.) Defendant was sentenced to 105 months for the Hobbs Act robbery counts, and a consecutive term of 84 months for the firearm count. (ECF No. 42.)

Section 924(c) imposes a mandatory 7-year sentence for any person brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is further defined in two subsections. Under the "force clause," a crime of violence includes a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Under the "residual clause," a crime of violence includes a felony that "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

In June 2015 the Supreme Court in Johnson v. United States, 135 S. Ct. 2251 (2015) held that the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. The Court went on in Welch v. United States, 136 S. Ct. 1257 (2016) to state that Johnson "announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1263.

Defendant argues that she is entitled to relief under Johnson because, like the residual clause in the ACCA, the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague. Defendant also argues that Hobbs Act robbery is not a crime of violence under the force clause because it may be accomplished with de minimis force.

//

## II. DISCUSSION

### A. Motion to Stay

The Government notes that the Ninth Circuit in <u>United States v. Begay</u> is currently considering the issue of whether the residual clause of § 924(c) is unconstitutionally vague in light of <u>Johnson</u>. Because <u>Begay</u> would potentially resolve the issue of whether the residual clause in § 924(c) is unconstitutionally vague, the Government requests a stay. However, the Court does not believe a stay would be appropriate.

First, the Government has not demonstrated prejudice—a typical prerequisite for a stay. See <u>Landis v. North American</u>, 299 U.S. 248, 255 (1936) ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward."). Second, any decision by the Court on <u>Johnson</u>'s applicability to the residual clause could easily be remedied in the event that the Ninth Circuit holds differently. In short, the Court does not see any reason not to proceed on the merits of Defendant's motion.

### B. Motion to Vacate or Correct Sentence

#### *1. Procedural Bars*

First, the Government argues that pursuant to the plea agreement, the Defendant waived any right to collaterally attack her sentence. However, the Ninth Circuit recently held that waiver does not apply if the defendant's sentence is illegal. See <u>United States v. Torres</u>, 828 F.3d 1113, 1124-25 (9th Cir. 2016). Accordingly, the Defendant here has not waived her right to collaterally attack her sentence on the ground that § 924(c)(3)(B) is void for vagueness.

Second, the Government argues that the Defendant cannot bring her claim because she did not raise it on direct appeal. However, as Defendant correctly notes, <u>Johnson</u> overturned prior binding precedent which held that the residual clause is not void for vagueness. (<u>See</u> Reply to Def.'s Opp'n 6-7, ECF No. 58.)

//

Defendant's present claim—that the residual clause in § 924(c) is void for vagueness—was not available at the time of her sentence.

### 2. Merits

Moving to the merits of Defendant's claim, § 2255 states in part that a prisoner in custody, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Here, Defendant argues that the eighty-four month sentence imposed pursuant to 18 U.S.C. § 924(c) is invalid because Hobbs Act robbery is not a crime of violence.

18 U.S.C. § 1951(a) provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a). "Robbery" is further defined as the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by <u>means of actual or threatened force, or violence, or fear of injury</u> …." 18 U.S.C. § 1951(b)(1) (emphasis added).

In deciding whether Hobbs Act robbery is a crime of violence, courts apply the categorical approach to determine whether such an offense by definition constitutes a crime of violence under either § 924(c)(3)(A) or (B). <u>United States v. Mendez</u>, 992 F.2d 1488, 1490 (9th Cir. 1993) (citing <u>Taylor v. United States</u>, 495 U.S. 575 (1990)). The Defendant argues that Hobbs Act robbery is not a crime of violence pursuant to the force clause of § 924(c)(3)(A), and that the residual clause of § 924(c)(3)(B) is unconstitutionally vague.

//

(a)     Force Clause

As stated above, the force clause defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Defendant's argument that Hobbs Act robbery is not a "crime of violence" under the force clause is as follows: Hobbs Act robbery is a form of common-law robbery with an interstate element; common law robbery applies common-law force; the common-law force element can be achieved through de minimis contact; and federal courts routinely hold that robbery statutes that require only common-law force, and therefore only de minimis contact, do not qualify as "crimes of violence" under § 924(c). Defendant additionally argues that Hobbs Act robbery can be committed through "fear of injury," a subjective state which arguably can be created without using the violent force required for a "crime of violence," and that the mens rea for Hobbs Act robbery does not meet the intent requirement for a "crime of violence."

In United States v. Howard, 650 Fed. Appx. 466, 468 (9th Cir. 2016) the defendant argued that Hobbs Act robbery was not a "crime of violence" because it can be accomplished by putting someone in "fear of injury." The court explained that because the court had previously held that bank robbery by intimidation qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as a crime of violence. Id.; see also United States v. Hill, 832 F.3d 135 (2d Cir. 2016). In reaching its conclusion, however, the Ninth Circuit in Howard stated in a footnote that:

> This circuit has held that crimes that require only a de minimis use of force do not qualify as crimes of violence under United States Sentencing Guideline § 2L1.2. . . . [The defendant] does not argue that Hobbs Act robbery may be accomplished through de minimis use of force, and we take no position on that issue or the applicability of these precedents to Hobbs Act robbery.

Howard, 2016 WL 2961978, at *1 n.2.

In addressing the application of the categorical approach, the Supreme Court noted in Gonzalez v. Duenas-Alvarez, 549 U.S. 183, 193 (2007), that there must be a "realistic probability, not a theoretical possibility" that a statute would be applied in a way that falls outside the generic definition of a crime. The defendant may point to her own case, but she must at least demonstrate in her case or in other cases, that the statute was applied in the manner for which she argues. Id.

Here, Defendant does not point to any cases where a person has been convicted of Hobbs Act robbery where the force applied was de minimis. Accordingly, although the footnote in Howard leaves the issue open in this Circuit, the Court joins those other district and appellate courts that have concluded that Hobbs Act robbery is a crime of violence because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); see United States v. Bailey, No. CR14-328-CAS, 2016 WL 3381218, at *4-5 (C.D. Cal. June 8, 2016) (citing United States v. Crawford, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016); United States v. Lenzy, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); United States v. Williams, 179 F. Supp. 3d 141, 151-52 (D. Me. 2016); United States v. Smith, 2016 WL 2901661, at *5 (D. Nev. 2016)).

Next, Defendant argues that Hobbs Act robbery can be committed through "fear of injury," which, in Defendant's view, can be accomplished using less than the level of force required for a "crime of violence."  In Johnson v. United States, 559 U.S. 133, 140 (2010), the Supreme Court held that the phrase "physical force" as used in § 924(c)(3)(A) means violent physical force. Johnson, 559 U.S. at 140. Defendant argues that Hobbs Act robbery can be committed without violent physical force, because fear of injury is a subjective state that conceivably may arise in the absence of an act of violent physical force.  Also, Defendant argues that "fear of injury" under § 1951(b)(1) includes fear of injury to economic interests, which Defendant contends can be created without physical force.

The Court rejects Defendant's argument because it relies on an overly narrow interpretation of "fear of injury." In United States v. Pena, 161 F. Supp. 3d 268, 279 (S.D.N.Y. 2016), the district court considered, and rejected, the same arguments Defendant raises here. Rather than read the phrase "fear of injury" in isolation, the Pena court reasoned it should be read in its context. The fuller context in which the phrase appears is as follows: "actual or threatened force, or violence, or fear of injury…." 18 U.S.C. § 1951(b)(1). The court applied the doctrine *noscitur a socciis* ("a word is known by the company it keeps"), a canon of statutory construction "used to parse lists of overlapping terms." Pena, 161 F. Supp. 3d at 279. Since the three items in the list—actual force, threatened force, and violence—all involve force, the Pena court reasoned that the phrase "fear of injury" should be interpreted to "share this attribute." Id. Thus, the phrase "fear of injury" in § 1951(b)(1) is "best understood as fear of injury *from the use of force*." Id. The district court found this interpretation consistent with the statutory history of the Hobbs Act, which revealed that Congress intended "fear" to mean "the fear of force or violence." Id. at 180. The court also reasoned that other aspects of the statutory text supported its interpretation. The Hobbs Act's requirement of physical proximity—that the taking must be "from the person or presence of the victim"— supported the conclusion that the threatened injuries "are of the sort that require proximity—i.e., injuries from use of force." Id. at 281.

The Pena court also rejected the argument that Hobbs Act robbery can be committed by causing fear of economic interests. It pointed out that the Hobbs Act cases on which defendant relied that involved "purely economic" threats, such as United States v. Iozzi, 420 F.2d 512, 513 (4th Cir. 1970), "concerned extortion rather than robbery." Id.; compare Def.'s § 2255 Mot. at 10 (citing Iozzi, 420 F.2d at 514). Thus, the court rejected Pena's contention that his conviction for Hobbs Act robbery was categorically overbroad in comparison with the definition of "crime of violence" under § 924(c)(3)(A). Id.

In United States v. Bailey, the district court found the reasoning of the Pena court persuasive, and relied on it in rejecting the contention that the "fear of injury" prong of Hobbs Act robbery rendered it categorically overbroad in comparison with § 924(c)(3)(A). Bailey, 2016 WL 3381218, at *4. This Court is also persuaded by the reasoning of the district court in Pena, and finds that the "fear of injury" prong of § 1951(b)(1) does not render Hobbs Act robbery overly broad in comparison with the definition of "crime of violence" in § 924(c)(3)(A).

Finally, Defendant argues that the *mens rea* for Hobbs Act robbery does not meet the intent requirement for a "crime of violence." She argues that the phrase "use of force" in § 924(c)(3)(A) requires the intentional application of physical force. Def.'s § 2255 Mot. at 7 (citing Leocal v. Ashcroft, 541 U.S. 1, 9-10 (2004); United States v. Serafin, 562 F.3d 1105, 1108 (9th Cir. 2009); United States v. Acosta, 470 F.3d 132, 134-356 (2d Cir. 2006)) (additional citations omitted). She contends that "fear of injury" can be created unintentionally, such that Hobbs Act robbery is categorically overbroad in comparison with § 924(c)(3)(A).

To support her argument that Hobbs Act robbery can be committed using less than intentional conduct, Defendant analogizes to the federal bank robbery statute, 18 U.S.C. § 2113(a), which reads, in pertinent part, "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take…." 18 U.S.C. § 2113(a) (emphasis added). The term "intimidation" has been interpreted to mean that a person can be convicted of bank robbery if an ordinary person could "infer a threat of bodily harm," "whether or not the defendant actually intended the intimidation." Def.'s § 2255 Mot. at 12 (quoting United States v. Woodrup, 86 F.3d 359, 363 (9th Cir. 1996). Defendant reasons that the "fear of injury" prong of § 1951(b)(1) should be read the same way, such that Hobbs Act robbery can be committed in the absence of evidence the defendant intentionally created the fear.

//
//

1 | The same argument was also considered and rejected by the district courts in Pena and Bailey.  See Pena, 161 F. Supp. 3d at 283; Bailey, 2016 WL 3381218, at *5.  In Pena, the district court disagreed with the premise that bank robbery committed by "intimidation" can be committed without an intentional act.  Pena, 161 F. Supp. 3d at 283.  "Section 2113(a) is a general intent crime whose *mens rea* requirement is satisfied only if the 'defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation).'"  Id. (quoting Carter v. United States, 530 U.S. 255, 268 (2000)).  Although a defendant charged with bank robbery need not have intended to cause fear, she still "must intentionally perform objectively intimidating actions in the course of unlawfully taking the property of another." Id.  Thus, the court rejected Pena's "implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury," and found Pena failed to demonstrate a "'realistic probability' that the accidental use of force would meet the elements of Hobbs Act robbery."  Id.

The district court in Bailey was presented with the same arguments Defendant asserts here.  It relied on the Pena court's reasoning to conclude that the defendant had likewise failed to "demonstrate more than a theoretical possibility that the unintentional use of force may meet the elements of Hobbs Act robbery."  Bailey, 2016 WL 3381218, at *6 (citing Pena, 2016 WL 690746, at *11; Howard, 650 Fed. Appx. at 468).

The Court is persuaded by the reasoning of the district courts in Pena and Bailey and joins them in finding that Hobbs Act robbery does not fail to meet the *mens rea* requirement for a "crime of violence."  Accordingly, the Court holds that Hobbs Act robbery is a crime of violence within the meaning of § 924(c)(3)(A).

//
//
//

(b) <u>Residual Clause</u>

Because the Court finds that Hobbs Act robbery is a crime of violence under the force clause, the Court need not and does not reach the issue of whether <u>Johnson</u> applies to the residual clause of § 924(c)(3)(B).

### III. CONCLUSION

For the reasons discussed above, the Government's motion to stay is **DENIED** and Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court issues a Certificate of Appealability as to all issues.

**IT IS SO ORDERED.**

Dated: March 14, 2017

_____
Barry Ted Moskowitz, Chief Judge
United States District Court